UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CLYDE R. WILLIAMS,<br><br>                    Plaintiff(s),<br><br>vs.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant(s). | Case No. 2:15-cv-00397-MMD-NJK<br><br>ORDER |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act, 42 U.S.C. Ch. 7. Currently pending before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket No. 17. The Commissioner filed a response in opposition and a Cross-Motion to Affirm. Docket Nos. 19, 20. No reply was filed.

The crux of the dispute in this appeal is whether the Commissioner's finding that Plaintiff is not disabled can stand in light of evidence submitted to–and considered by–the Appeals Council following issuance of the Administrative Law Judge's decision. This Court generally lacks jurisdiction to review the decision of the Appeals Council. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011). Nonetheless, "when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's

decision is supported by substantial evidence." *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012). This Court may "consider [a] physician's opinion, which was rejected by the Appeals Council, to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error." *Taylor*, 659 F.3d at 1232.

Although other evidence was also submitted to the Appeals Council, the parties' contentions focus most significantly on a physical medical source statement from Dr. Gary Chen. *See* A.R. 401-405. In analyzing whether a physician's late-disclosed opinion is sufficient to render an ALJ's decision not supported by substantial evidence, courts routinely evaluate the weight that is properly afforded that opinion. A physician's opinion may be discredited when it is conclusory and not supported by the record. *See, e.g.*, *Shoaf v. Colvin*, 2015 WL 9455558, *3 (C.D. Cal. Dec. 23, 2015) (collecting Ninth Circuit cases). On the other hand, a physician's answers to a questionnaire may be afforded more weight when it is based on a significant experience with the claimant and supported by numerous records. *See, e.g., id.* at *3 n.6 (discussing *Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014)).

The parties do not address applicable legal authority on this issue or otherwise provide meaningful argument on this issue. As such, the Court **ORDERS** that the parties must file supplemental briefing no later than March 16, 2016, addressing this issue. The briefing shall be no longer than ten pages in length.

IT IS SO ORDERED.

DATED: March 2, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge