1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

8
9
10

| | |
|---|---|
| CLYDE R. WILLIAMS, | ) |
| Plaintiff(s), | ) ) Case No. 2:15-cv-00397-MMD-NJK |
| vs. | ) ) REPORT AND RECOMMENDATION |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | ) ) |
| Defendant(s). | ) ) |

11
12
13
14
15

16        This case involves judicial review of administrative action by the Commissioner of Social

17   Security ("Commissioner") denying Plaintiff's application for disability insurance benefits and

18   supplemental security income pursuant to Titles II and XVI of the Social Security Act, 42 U.S.C. Ch.

19   7.  Currently pending before the Court is Plaintiff's Motion for Reversal and/or Remand.  Docket No.

20   17.  The Commissioner filed a response in opposition and a Cross-Motion to Affirm.  Docket Nos. 19,

21   20.  No reply was filed.  The Court also received supplemental briefing from the parties.  Docket Nos.

22   23, 24.  This action was referred to the undersigned magistrate judge for a report of findings and

23   recommendation.

24   **I.    STANDARDS**

25        A.    <u>Judicial Standard of Review</u>

26        The Court's review of administrative decisions in social security disability benefits cases is

27   governed by 42 U.S.C. § 405(g).  *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).  Section

28   405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security

made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. *Id.* To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *See, e.g., Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *See, e.g.*, *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2003). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

1

    <u>B.</u>    <u>Disability Evaluation Process</u>

2        The individual seeking disability benefits bears the initial burden of proving disability. *Roberts*

3  *v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the

4  "inability to engage in any substantial gainful activity by reason of any medically determinable physical

5  or mental impairment which can be expected . . . to last for a continuous period of not less than 12

6  months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical

7  evidence" in support of his claim for disability. *See, e.g.*, 20 C.F.R. § 404.1514. If the individual

8  establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show

9  that the individual can perform other substantial gainful work that exists in the national economy.

10  *Reddick*, 157 F.3d at 721.

11        The ALJ follows a five-step sequential evaluation process in determining whether an individual

12  is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). If

13  at any step the ALJ determines that he can make a finding of disability or nondisability, a determination

14  will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003);

15  *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the ALJ to determine

16  whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§

17  404.1520(b), 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves

18  doing significant physical or mental activities usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b),

19  416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made.

20  If the individual is not engaging in SGA, then the analysis proceeds to the second step.

21        The second step addresses whether the individual has a medically determinable impairment that

22  is severe or a combination of impairments that significantly limits him from performing basic work

23  activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is not

24  severe when medical and other evidence establish only a slight abnormality or a combination of slight

25  abnormalities that would have no more than a minimal effect on the individual's ability to work. 20

26

27

28

C.F.R. §§ 404.1521, 416.921; Social Security Rulings ("SSRs") 85-28 and 96-3p.[1] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. §§ 404.1509, 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h), 416.920(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity. 20 C.F.R. §§ 404.1520(e), 416.920(e). The residual functional capacity is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p, 96-7p. To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1224.

The fourth step requires the ALJ to determine whether the individual has the residual functional capacity to perform his past relevant work ("PRW").  20 C.F.R. §§ 404.1520(f), 416.920(f).  PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established.  In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965.  If the individual has the residual functional capacity to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 416.920(g).  If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner.  The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do.  *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

## II.    BACKGROUND

### A.    Procedural History

On April 28, 2011, Plaintiff filed applications for a period of disability and disability insurance benefits and supplemental security income alleging that he became disabled on March 13, 2009.  *See, e.g.*, Administrative Record ("A.R.") 187-98.  His claims were denied initially on October 6, 2011, and upon reconsideration on March 19, 2012.  A.R. 90-95, 103-10.  On March 22, 2012, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ").  A.R. 111-12.  On July 18, 2013, Plaintiff, his attorney, and vocational expert appeared for a hearing before ALJ Norman L. Bennett. *See* A.R. 43-63.  On September 18, 2013, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability, as defined by the Social Security Act, from March 13, 2009, through the date

1  of his decision. A.R. 26-42. The ALJ's decision became the final decision of the Commissioner when

2  the Appeals Council denied Plaintiff's request for review on January 5, 2015. A.R. 1-7.

3          On March 5, 2015, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. §

4  405(g). *See* Docket No. 1-1 (complaint). Plaintiff filed an application for leave to appear *in forma*

5  *pauperis*, which the Court granted. Docket No. 2. Plaintiff filed an amended complaint on March 18,

6  2015. Docket No. 5.

7          B.    The Decision Below

8          The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520

9  and 416.920, and issued an unfavorable decision on September 18, 2013. A.R. 26-42. At step one, the

10 ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through

11 December 31, 2014 and has not engaged in substantial gainful activity since March 13, 2009. A.R. 31.

12 At step two, the ALJ found that Plaintiff has the following severe impairments: status post gunshot

13 wound to the head in 1992, adjustment disorder with depressed mood, and hepatitis C. A.R. 31. At step

14 three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet

15 or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R.

16 31-34.

17         The ALJ found that Plaintiff had the residual functional capacity to perform medium work as

18 defined by 20 C.F.R. 404.1567(c) and 416.967(c) with lifting and carrying fifty pounds occasionally and

19 twenty-five pounds frequently, but he could only sit, stand, and walk six hours each in an eight-hour

20 workday and, due to his adjustment disorder, he was limited to jobs with simple tasks and simple

21 instructions. A.R. 34-37. At step four, the ALJ found Plaintiff was capable of performing his past

22 relevant work as a warehouse worker. A.R. 37-38. Based on all of these findings, the ALJ found

23 Plaintiff not disabled and denied his applications for a period of disability and disability insurance

24 benefits and supplemental security income. *See* A.R. 38.

25         Thereafter, on July 3, 2014, Plaintiff submitted a physical medical source statement by Dr. Gary

26 Chen to the Appeals Council. A.R. 401-405. On August 15, 2014, Plaintiff submitted medical records

27 dated June 13, 2013 to June 25, 2014 to the Appeals Council. A.R. 444-569. The Appeals Council

28

1    found insufficient cause to disturb the ALJ's determination notwithstanding the additional evidence

2    submitted. A.R. 1-2.

3    **III.    ANALYSIS AND FINDINGS**

4           The crux of this appeal is whether the ALJ's decision that Plaintiff is not disabled can stand in

5    light of Plaintiff's submission of additional evidence to the Appeals Council after the ALJ rendered his

6    decision. Plaintiff argues that this additional evidence, including most significantly the medical source

7    statement of Dr. Chen, shows that Plaintiff suffered from severe gastro-intestinal impairments that

8    rendered him disabled. *See, e.g.*, Docket No. 17 at 10. The Appeals Council disagreed. The Appeals

9    Council considered the additional evidence but found that it did not render the ALJ's decision contrary

10   to the weight of the evidence. A.R. 1-2. The Appeals Council afforded little weight to Dr. Chen's

11   opinion because the record does not support the suggestion that Plaintiff was likely to be "off task" 20%

12   of a typical workday. A.R. 2.[2]

13          This Court generally lacks jurisdiction to review the decision of the Appeals Council. *Taylor*

14   *v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011). Nonetheless, the Ninth Circuit has

15   held that "when a claimant submits evidence for the first time to the Appeals Council, which considers

16   that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative

17   record, which the district court must consider in determining whether the Commissioner's decision is

18   supported by substantial evidence." *Brewes*, 682 F.3d at 1159-60. This Court may "consider [a]

19   physician's opinion, which was rejected by the Appeals Council, to determine whether, in light of the

20   record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error."

21   *Taylor*, 659 F.3d at 1232 (citing *Ramirez v. Shalala*, 8 F.3d 1449, 1451-54 (9th Cir. 1993)).

22

23

24

25   _____

26          [2] The Appeals Council further found that some of the newly-submitted evidence related to a time

27   after the ALJ's decision and, therefore, did not impact the ALJ's finding of non-disability. A.R. 2. Newly
     submitted evidence not related to the time period on or before the ALJ's decision is properly not considered.

28   *See, e.g., Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012).

In arguing that substantial evidence does not exist to support the non-disability finding,[3] Plaintiff relies most significantly on Dr. Chen's check-box form finding that Plaintiff's symptoms were severe enough that they would interfere with the attention and concentration needed to perform even simple work tasks 20% of the time. *See* Docket No. 17 at 5-6; *see also* A.R. 405. The Court is not persuaded that the additional evidence renders the Commissioner's decision unsupported by substantial evidence. The Ninth Circuit has long made clear that an ALJ "need not accept a treating physician's opinion which is 'brief and conclusionary in form with little in the way of clinical findings to support its conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (quoting *Young v. Heckler*, 803 F.2d 963, 968 (9th Cir. 1986)). Not surprisingly, the Ninth Circuit has repeatedly upheld ALJ decisions rejecting check-off reports that do contain any explanation of the bases of the conclusions reached. *See, e.g., Molina v. Astrue*, 674 F.3d 1104, 1111-12 (9th Cir. 2012). District courts within this Circuit have applied this same rationale to find that a conclusory check-box form provided to the Appeals Council after an ALJ's decision is generally insufficient to find the Commissioner's decision was not supported by substantial evidence. *See, e.g., Shoaf*, 2015 WL 9455558, at *3.

Plaintiff's reliance on the check-box form of Dr. Chen in this case similarly fails. In that form, Dr. Chen identifies Plaintiff's symptoms as reflux and nausea/vomiting. A.R. 402. He then indicates that Plaintiff's prognosis is fair, that he has no pain, and that there are no side effects from medication that would implicate Plaintiff's ability to work. *Id.* Dr. Chen continues to check the box indicating that Plaintiff's symptoms would likely interfere with Plaintiff's concentration and attention such that he

---

[3] Plaintiff's brief is not generally framed in this manner, and instead frequently challenges the ALJ and Appeals Council for rejecting Dr. Chen's opinion or for not articulating specific reasons for doing so. *See, e.g.*, Docket No. 17 at 3, 4, 5, 6, 9. Indeed, Plaintiff's brief goes so far as to decry the "ALJ's abdication of his mandated duty" to consider medical evidence, *id.* at 9, despite the fact that the evidence at issue largely did not exist at the time of the ALJ's decision and was not submitted to the ALJ for his consideration. As noted above, the key inquiry on this appeal is whether substantial evidence supports the Commissioner's decision in light of the supplemental evidence submitted to the Appeals Council. The Court does not have jurisdiction to review the Appeals Council's decision and any contention that it failed to provide sufficient reasons for rejecting a physician's opinion is foreclosed. *See, e.g., Shoaf v. Colvin*, 2015 WL 9455558, *3 (C.D. Cal. Dec. 23, 2015). "And, of course, the ALJ could not have erred for not providing specific and legitimate reasons for rejecting an opinion [he] never had before [him]." *Id.*

1  would not be able to perform even simple work tasks 20% of each work day.  A.R. 405.  Dr. Chen

2  provides no explanation of the basis of his conclusions and points to no medical records supporting it.

3      Moreover, Dr. Chen's finding regarding Plaintiff's attention and concentration is not supported

4  by the record.  For example, Dr. Kenneth McKay found that Plaintiff had "fair to good" concentration,

5  A.R. 337, and could probably sustain attention and concentration on simple and some detailed tasks

6  without special supervision, A.R. 338.  State agency psychological consultant Dr. R. Torigoe also found

7  that Plaintiff could sustain a consistent work routine with ordinary supervision.  A.R. 73-74, 83-84.

8  Treatment records similarly show that Plaintiff exhibited "normal" attention and a "logical" thought

9  process, and reflected that his concentration was "intact."  A.R. 364-67, 382.

10     In short, the new medical source statement does not provide sufficient evidence to overturn the

11  decision of the Commissioner.[4]  Considering the record as a whole, including the additional evidence

12  submitted, the Commissioner's decision denying Plaintiff benefits is supported by substantial evidence.

13  **IV.    CONCLUSION**

14     Judicial review of the Commissioner's decision to deny disability benefits is limited to

15  determining whether the decision is free from legal error and supported by substantial evidence.  It is

16  the ALJ's responsibility to make findings of fact, draw reasonable inferences from the record, and

17  resolve conflicts in the evidence including differences of opinion.  Having reviewed the Administrative

18  Record as a whole and weighed the evidence that supports and detracts from the conclusion, the Court

19  finds that the ALJ's decision is supported by substantial evidence under 42 U.S.C. § 405(g) and the ALJ

20  did not commit legal error.

21

22

23

24

25  _____

26     [4] The Court's analysis focuses herein on the medical source statement (A.R. 401-05), as that is the

27  primary evidence relied upon by Plaintiff on appeal.  To be clear, however, the Court also finds that none of the other medical records submitted to the Appeals Council (A.R. 444-569) render the ALJ's decision not

28  supported by substantial evidence.

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Reversal and/or Remand (Docket No. 17) be **DENIED** and that Defendant's Cross-Motion to Affirm (Docket No. 19) be **GRANTED**.

IT IS SO ORDERED.

DATED:   March 29, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).